**Not Recommended for Publication or Citation**

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

CIVIL ACTION NO. 07-CV-296-JMH

STEVEN BREWSTER,                                              PETITIONER,

VS:                    **MEMORANDUM OPINION AND ORDER**

ACS GOVERNMENT SYSTEMS,                                       RESPONDENT.

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

Steven Brewster, who states that he resides in Lexington, Kentucky, has filed a self-styled *pro se* Petition for Writ of Mandamus, together with an application to proceed *in forma pauperis*. Both are before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in the *pro se* litigant's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds

for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## CLAIMS

Petitioner claims that the Respondent business, also located in Lexington, is "engaging in the 'Man in the Middle', 'Sniffing' and 'Denial of Service' Attacks against Petitioner," without a Federal Court Order granting it permission to wiretap. Brewster asks that the Defendant be required to explain why it is doing so, and he attaches documents which appear to have been downloaded from his computer but which are otherwise unexplained.

## DISCUSSION

The All Writs Act, whose source is the Judiciary Act of 1793, authorizes this Court to issue a writ of mandamus. The statute states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

However, 28 U.S.C. § 1651 does not, by itself, confer any independent jurisdiction upon this District Court to consider the Petitioner's issue. A federal court may invoke this statute only in aid of its otherwise established jurisdiction. *Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996). Thus, the question becomes, is another basis of jurisdiction established? The Petitioner asserts none. Because the Petitioner has failed to demonstrate that this Court has jurisdiction, his action must and

2

will be dismissed.

Another problem with the instant proceeding is that "[m]andamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995) (citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978); *Kerr v. United States District Court*, 426 U.S. 394, 402-03 (1976); *In re NLO, Inc.*, 5 F.3d 154, 155-56 (6th Cir. 1993); *In re Glass Workers Int'l Union Local*, 173, 983 F.2d 725, 727 (6th Cir. 1993)). *See also In re American President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991).

To obtain mandamus relief, an individual must have a clear right to the relief, the defendant has a duty to act on the issue in question, and no other remedy is available. *Banks v. Secretary of Ind. Family and Social Servs. Admin.*, 997 F.2d 231, 244-45 (7th Cir. 1993); *see also In re NLO, Inc.*, 5 F.3d 154, 155-56 (6th Cir. 1993). "The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it. It lies only when there is practically no other remedy." *In re NLO, Inc.*, 5 F.3d 154, 156 (6th Cir. 1993) (citing *Helstoski v. Meanor*, 442 U.S. 500, 505 (1979) and quoting *Ex parte Rowland*, 104 U.S. 604, 617 (1882)).

The United States Court of Appeals for this Circuit has said that mandamus relief "must be confined to matters of usurpation of judicial power or clear abuse of discretion." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 111 (1964)). "Moreover, the petitioner has the burden of showing that its right to the issuance of the writ is 'clear and undisputable.'" *Id.* (quoting *Federal Deposit Ins. Corp. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990)). "An error of law, standing alone, is not sufficient to warrant mandamus." *In re Parker*, 49 F.3d 204, 207 (6th Cir. 1995) (citing *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989); *In re NLO, Inc.*, 5 F.3d at 156; *United States v. Ford*, 987 F.2d 334, 341 (6th Cir.), *cert. denied*, 113 S. Ct. 180 (1992)).

In the case *sub judice*, even if Brewster were permitted to "piggyback" the instant action on one alleging a proper basis for this Court's jurisdiction, he has not presented the requisite elements described above to be entitled to the drastic remedy of a writ of mandamus. Indeed, he has failed to allege sufficient facts to survive an initial screening of any complaint. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The pleadings in this case have not set forth the federal basis of the claim in a manner that gives the Defendant proper notice and does not require either the Defendant or this Court to "conjure up unpled allegations." *Id.*

4

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

The law is clear that when a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under § 1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)). Accordingly, the Court being advised,

**IT IS ORDERED**,

(1)  Petitioner's Motion to Proceed *in forma pauperis* [Record No. 2] is **GRANTED**;

(2)  Steven Brewster's Petition for a Writ of Mandamus is **DENIED**;

(3)  this action shall be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered

5

contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 22nd day of October, 2007.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge